IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 1 2 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00915-BNB

DANTE LANDRY,
    Plaintiff,

v.

HARLEY LAPPIN, et al.,
    Defendant.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff Dante Landry is a prisoner in the custody of the United States Bureau of Prisons at a federal prison in Petersburg, Virginia. Mr. Landry has filed *pro se* a Prisoner Complaint alleging that his constitutional rights were violated while he was incarcerated in Florence, Colorado. The court must construe the complaint liberally because Mr. Landry is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Landry will be ordered to file an amended complaint.

The court has reviewed the complaint filed in this action and finds that it is deficient. First, Mr. Landry fails to allege specific facts to demonstrate how the named Defendant personally participated in the alleged violations of his constitutional rights. Mr. Landry apparently seeks to hold Defendant liable for the actions of other individuals on the basis of respondeat superior. He may not do so. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Landry must show

that Defendant caused the deprivation of a federal right. See *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and Defendant's participation, control or direction, or failure to supervise. See *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. See *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Therefore, Mr. Landry will be directed to file an amended complaint to allege personal participation. Mr. Landry should name as Defendants in the amended complaint the individuals he believes actually violated his constitutional rights.

In addition, Mr. Landry must clarify in his amended complaint how he has exhausted administrative remedies for each claim that he asserts. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Landry must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at

1211. Section 1997e(a) also imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Landry has not exhausted administrative remedies for each claim, the entire complaint must be dismissed.

Mr. Landry alleges that he did not exhaust the available administrative remedies and he argues that, "[b]ecause Petitioner was seeking relief related only to his custody status, exhaustion of administrative remedies, if any, is not required." (Prisoner Compl. at 7.) This explanation does not demonstrate that Mr. Landry is not required to exhaust administrative remedies. The administrative remedy program "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Accordingly, it is

ORDERED that Mr. Landry file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Landry, together with a copy of this order, two copies of the following forms: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Landry fails within the time allowed to file an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED June 12, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00915-BNB

Dante Landry
Reg. No. 07508-046
FCC - Medium
P.O. Box 90043
Petersburg, VA 23804

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on  6-12-06

GREGORY C. LANGHAM, CLERK

By: _____
   Deputy Clerk